**STATE ex SCHNEIDER v BOARD OF ELECTIONS FOR FRANKLIN CO et**

Ohio Appeals, 2nd Dist, Franklin Co

No 2369.  Decided Jan 26, 1934

James N. Linton, Columbus, L. M. Graham, Columbus, Wm. Schneider, Columbus, for relator.

Donald J. Hoskins, Prosecuting Attorney, Columbus, and Eugene Carlin, Asst. Prosecuting Attorney, Columbus, for respondents.

Cowan, Adams & Adams, Columbus, for the County Recorders Association of Ohio, Amicus Curiae.

KLINGER and GUERNSEY, JJ, (3rd Dist), and WILLIAMS, (6th Dist) sitting.

**OPINION**

By WILLIAMS, J.

The sole question presented is whether or not an Act passed March 28, 1933 and approved April 5, 1933, entitled "An Act to Amend §2750 GC, relative to the term of office of the county recorder and to adjust existing terms in accordance with such amendment," is constitutional.

This act, which is found in 115 Laws of Ohio, 191, reads as follows:

"Section 1. That §2750 GC be amended to read as follows:

"County recorder, election and term.

"Sec 2750 GC * * * There shall be elected in each county, at the regular election in * * * 1936, and * * * quadriennially thereafter, a county recorder who shall assume office on the first Monday in January next after his election and who shall hold said office for a period of * * * four years.

Repeal.

"Section 2. That existing §2750 GC be, and the same is hereby repealed.

"Section 3. The present existing terms of office of county recorders are hereby extended to the first Monday in January, 1937. The first regular election for the office of county recorder under this act shall be held in November, 1936; but any vacancy in such office occurring more than thirty days prior to the regular election for state and county officers in the year 1934 shall be filled at such election for the remainder of the term prescribed in this section."

Section 3 of the Act is now §2750-1, GC.

The present incumbent was elected at the regular election in 1932 for a term of two years ending on the first Monday in January, 1935, and the new act purports to extend his term from the first Monday of January, 1935 to the first Monday of January, 1937, or for the exact period that would be covered by the term of his successor to be elected at .the election in 1934 if the Act is invalid. In other words, the act, if constitutional, by its terms extends the period of the present incumbent to the first Monday in January, 1937 and provides for the election' of a successor for a term of four years from the latter date at the regular election to be held in November, 1936.

The contention of the relator is that the act contravenes the provisions of the Constitution of Ohio which reads as follows:

"Sec. 1, Art. X. The general assembly shall provide, by law, for the election of such county and township officers, as may be necessary."

"Sec. 2, Art. X. County officers shall be elected on the first Tuesday after the first Monday in November, by the electors of each county in such manner, and for such term, not exceeding three years, as may be provided by law."

Section 1 was adopted in 1851. Section 2 was adopted as an amendment October 13, 1885. The only change in the latter section, however, seems to be the date of the election.

**Section 2 of Article XVII of the Constitution,** adopted November 7, 1905, provides, among other things:

"The term of office of justice of the peace shall be such even number of years not ex-

ceeding four (4) years, as may be prescribed by the general assembly. The term of office of the members of the board of public works shall be such even number of years not exceeding six (6) years as may be so prescribed; and the term of office of all elective county, township, municipal and school officers shall be such even number of years not exceeding four (4) years as may be so prescribed."

Prior to the adoption of this latter section, §§1 and 2 of Article X had been construed many times by the Supreme Court of Ohio. The holding invariably was that the general assembly had no power to defer the commencement of the official terms of county officers and thus create an interim between the end of the existing term and the commencement of the new term provided for, and that it was not within the power of the legislature to provide for the filling of vacancies so created by appointment during such interim.

State of Ohio ex Kelly v Thrall, 59 Oh St 368; State ex Attorney General v Beal, 60 Oh St 208; State ex Attorney General v Brown, 60 Oh St 499; State of Ohio ex Attorney General v Hall, 67 Oh St 303, and State of Ohio v Mulhern, 74 Oh St 363.

These cases all involve the legal effect of the creation by legislative enactment of an interim between two official terms of county officers.

In State ex Kelly v Thrall, supra, the first syllabus reads as follows:

"The provisions of the 10th article of the constitution, requiring the general assembly to provide by law for the election of county officers, and that such officers shall be elected on the first Tuesday after the first Monday in November, disable the general assembly to provide by law for an interval between the official terms of a sheriff and one elected to succeed him."

In State ex Attorney General v Beal, supra, the syllabus reads as follows:

"The act of April 19, 1898, 'To amend §1267 of the Revised Statutes,' postponing the beginning of the official terms of prosecuting attorneys from the first Monday in January to the first Monday in September, and the provision of the first section of the act of April 26, 1898, to effect a like postponement as to the office of infirmary director, are void, being in violation of the tenth article of the constitution, which requires that county officers shall be elected, and not within the authority to provide for the filling of vacancies conferred upon the

general assembly by the twenty-seventh section of the second article."

In State ex Attorney General v Hall, supra, it is stated that an enactment of the legislature which defers the commencement of official term of a county clerk to a date later than that fixed by the law in force when the officer is elected is unconstitutional and wholly void, including the repeal section of the act.

On page 305 of the opinion the following appears:

"The express provision that the clerk shall hold for the term of three years is not clearer than the implication that he shall not hold longer if his successor has been elected and qualified. Within the requirements of the constitution, county officers are to be elected by the electors of the state, and the general assembly is without power to create an interval between the official terms of persons elected to such office. These propositions are sufficiently established by The State ex the Attorney General v Heffner, 59 Oh St, 368; State ex The Attorney General v Beal, 60 Oh St, 208. The amending act of April 30, 1902, including its repealing section, is wholly void, and §1240, Revised Statutes, stands as though such amendment had not been attempted."

If these principles of law apply to the case at bar, then the whole act, including the repealing provision is unconstitutional and void.

The consideration of the question, however, is complicated by a provision of §2 of Article XVII, which follows immediately the provision heretofore quoted therefrom, and reads as follows:

"And the general assembly shall have power to so extend existing terms of office as to affect (effect) the purpose of §1 of this article."

Section 1 of Article XVII was adopted November 7, 1905, and reads as follows:

"Sec. 1. Elections for state and county officers shall be held on the first Tuesday after the first Monday in November in the even numbered years; and all elections for all other elective officers shall be held on the first Tuesday after the first Monday in November in the odd numbered years."

These sections have also been construed by the Supreme Court and the holding has invariably been that the general assem-

bly is only given power under §2, Article XVII to extend terms of such officers as were already elected at the time when the amendment became effective. **State v Cox, 90 Oh St, 219.** In this case the court had this matter under consideration and, referring to the provision giving the general assembly power to extend existing terms of office to effect the purposes of §1 of Article XVII, the court says:

"This was a temporary provision, and had reference to terms of officers elected at the time Article XVII became effective. It was not intended as a permanent provision of the constitution applicable to officers to be chosen after its adoption. This was the view of the matter taken by Judge Spear in **The State ex v Metcalfe, 80 Oh St, 244,** where he refers to this feature of Article XVII as manifestly temporary only in operation; and Judge Davis in **The State ex v Patterson, 73 Oh St, 305,** says that the power to extend terms as designated in Article XVII is confined to such officers as ,were already elected at the time when the amendment became effective."

In the case of the **State of Ohio v Mulhern, 74 Oh St, 363,** there is an instructive discussion at pages 375 and 376.

The general assembly then had power to extend terms of county officers "already elected"; but if an interim between terms in a county office is now created by the legislature, to make the enactment valid it must provide for filling the interim by an election. We quote from **State v Pontius, 78 Oh St 353, at page 356:**

"This case (State ex Kelly v Thrall, supra) was followed and approved in the **State ex Attorney General v Beal, 60 Oh St, 208,** where it is held that: 'The act of April 19, 1898, 'To amend §1267 of the Revised Statutes' (93 O. L., 125), postponing the beginning of the official terms of prosecuting attorneys from the first Monday in January to the first Monday in September, and the provision of the first section of the act of April 26, 1898 (93 O. L. 261), to effect a like postponement as to the office of infirmary director, are void, being in violation of the tenth article of the constitution, which requires that county officers shall be elected, and not within the authority to provide for the filling of vacancies conferred upon the general assembly by the twenty-seventh section of the second article.' And to the same effect is **The State ex Attorney General v Hall, 67 Oh St, 303,** where an at-

tempt was made to extend the term of office of the clerk of court.

"Under these decisions the office could be filled for the interregnum only by an election."

In the case of **State v Smith, 107 Oh St 1,** a statute which created an interregnum or interim and provided for its being filled by election, was held valid.

It is contended by respondents that, if the provisions for extension of the existing term is invalid, such part can be separated from the rest of the Act and that the remaining part should be held valid. Such a construction would not be warranted, as under it a vacancy would be left to be filled by appointment.

It seems that after the enactment of §2558 GC as amended in 108 Ohio Laws, Part II, Page 1294, extending terms of county auditors, the Hon. John G. Price, Attorney General of Ohio, submitted an official opinion holding that the extension was valid, his position being based in the main on the case of **State ex v Brewster, 44 Oh St, 589,** but he cites no other case bearing upon the validity of the section except **State v Metcalfe, 80 Oh St, 244.** The latter case is an authority pointing the other way and is cited in the passage heretofore quoted from, State v Cox, supra. State v Brewster, supra, has been explained in State ex Kelly v Thrall, supra, at page 397, and it is apparent that the only question under consideration therein was how a vacancy should be filled, and counsel seem to have agreed that a vacancy existed. We may say in passing that it is too late, however, to successfully question the validity of the act relating to the term of county auditor by legal proceedings. State v Brown, supra.

The present litigation seems to have been instigated upon the strength of an opinion of the Hon. John W. Bricker, Attorney General, to the effect that the enactment under inquiry is unconstitutional. The opinion is based in the main upon the authorities cited in this opinion, and in our judgment the reasoning processes are logical and the conclusions sound.

For the reasons given we hold the law unconstitutional in all parts, including the repealing clause, and the demurrer will be overruled.

KLINGER and GUERNSEY, JJ, concur.